UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASPEN SPECIALTY INSURANCE COMPANY,<br>Plaintiff<br><br>v.<br><br>HOSPITALITY SUPPORTIVE SYSTEMS, LLC,<br>et al.,<br>Defendants. | CIVIL ACTION<br><br>NO. 16-cv-01133-JD |
| HOSPITALITY SUPPORTIVE SYSTEMS, LLC,<br>Plaintiff<br><br>v.<br><br>ASPEN SPECIALTY INSURANCE COMPANY,<br>Defendant. | |

ANSWER OF HOSPITALITY SUPPORTIVE SYSTEMS LLC,
TO CROSS CLAIMS OF INTERVENING DEFENDANT RAVEL HOTEL LLC

Hospitality Supportive Systems LLC ("HSS"), by its undersigned counsel, hereby responds to the cross-claims of Ravel Hotel LLC as follows:

Fifth Cause of Action

61.     HSS incorporates its Answer to Aspen's Complaint denies each and every one of the averments inconsistent therewith.

62.     Denied as stated.  The Aspen Complaint is in writing and speaks for itself.

63.     Admitted.

64.     Denied that HSS has retained Ravel's insurance premiums.  To the contrary, HSS has forwarded Ravel's insurance premiums to Aspen via Aspen's brokers.  The remaining averments of this paragraph are conclusions of law to which no response is required.  Such

#539800-1

averments are deemed denied.

WHEREFORE, HSS prays for judgment in its favor and against Ravel, together with costs of suit.

Sixth Cause of Action

65.     HSS incorporates its Answer to Aspen's Complaint denies each and every one of the averments inconsistent therewith.

66.     Denied. The averments of this paragraph are conclusions of law to which no response is required.  Such averments are deemed denied.

67.     Admitted.

68.     Denied.  The averments of this paragraph are conclusions of law to which no response is required.  Such averments are deemed denied.

69.     Denied.  By way of further answer, the Aspen action was a matter of public record.

70.     Denied as stated.  The implication that HSS was obligated to assume the defense and indemnity is a conclusion of law to which no response is required.  Such averments are deemed denied.

71.     Denied.  The averments of this paragraph are conclusions of law to which no response is required.  Such averments are deemed denied.

72.     Denied.  The averments of this paragraph are conclusions of law to which no response is required.  Such averments are deemed denied.

WHEREFORE, HSS prays for judgment in its favor and against Ravel, together with costs of suit.

Seventh Cause of Action

73.     HSS incorporates its Answer to Aspen's Complaint denies each and every one of the averments inconsistent therewith.

74.     Denied.  The averments of this paragraph are conclusions of law to which no response is required.  Such averments are deemed denied.

75.     Denied.  The averments of this paragraph are conclusions of law to which no response is required.  Such averments are deemed denied.

76.     Denied.  The averments of this paragraph are conclusions of law to which no response is required.  Such averments are deemed denied.

77.     Denied that HSS failed to notify Ravel of changes in its coverage; failed to communicate with Ravel regarding its coverage; failed to maintain proper coverage; and failed to notify or communicate with Ravel regarding the above-captioned action.  By way of further answer, the Aspen action was a matter of public record.

WHEREFORE, HSS prays for judgment in its favor and against Ravel, together with costs of suit.

Eighth Cause of Action

79.     HSS incorporates its Answer to Aspen's Complaint denies each and every one of the averments inconsistent therewith.

80.     Denied.  The averments of a representation are denied.  The relationship between the parties was purely contractual.

81.     Admitted.

82.     Denied as stated.  HSS believes that Ravel was invoiced by its broker, World Insurance.

83.     Denied.

3

84.     Denied.

85.     Denied.

86.     Denied.

87.     Denied that HSS made material, false representations and that Ravel reasonably relied thereon.  Denied further that Ravel has been damaged by any action or inaction of HSS.

WHEREFORE, HSS prays for judgment in its favor and against Ravel, together with costs of suit.

FIRST AFFIRMATIVE DEFENSE

The Cross-claims fail to state a claim for which relief may be granted against HSS.

SECOND AFFIRMATIVE DEFENSE

Ravel's claims are barred, in whole or in part, by the gist of the action doctrine.

THIRD AFFIRMATIVE DEFENSE

All actions taken by or on behalf of HSS were participated in, condoned, ratified or approved by plaintiffs.

FOURTH AFFIRMATIVE DEFENSE

Ravel's claims against HSS are barred by the applicable statutes of limitations.

FIFTH AFFIRMATIVE DEFENSE

Ravel's claims against HSS are barred by the doctrine of laches.

SIXTH AFFIRMATIVE DEFENSE

Some or all of the duties and responsibilities alleged by Ravel, if they existed at all, were the responsibility of third parties as to which HSS had no control.

SEVENTH AFFIRMATIVE DEFENSE

Any action or inaction on which the underlying claims are based was the fault of third

4

parties as to which HSS had no control.

EIGHTH AFFIRMATIVE DEFENSE

As of April 1, 2015, the assets of HSS had been sold to TriGen Insurance Solutions Inc.

NINTH AFFIRMATIVE DEFENSE

Ravel's losses, if any, were caused, in whole or in part, by the misconduct of plaintiff

Aspen.

TENTH AFFIRMATIVE DEFENSE

Ravel's losses, if any, were caused, in whole or in part, by the bad faith of Aspen.

ELEVENTH AFFIRMATIVE DEFENSE

Ravel's claims against HSS are barred by the doctrine of estoppel.

TWELFTH AFFIRMATIVE DEFENSE

Ravel's claims against HSS are barred by the doctrine of equitable estoppel.

THIRTEENTH AFFIRMATIVE DEFENSE

Ravel's claims against HSS are barred by the doctrine of waiver.

FOURTEENTH AFFIRMATIVE DEFENSE

In the alternative, to the extent that a court may conclude that Ravel breached terms of

the Management Services Agreement, HSS likewise is not responsible for any damages herein.

FIFTEENTH AFFIRMATIVE DEFENSE

In the alternative, to the extent that a court may conclude that Ravel's notice of the

underlying claim was not timely, HSS likewise is not responsible for any damages herein.

SIXTEENTH AFFIRMATIVE DEFENSE

In the alternative, to the extent that a court may conclude that the Aspen policy does not

cover the claim or type of claim at issue, HSS likewise is not responsible for any damages

5

herein.

SEVENTEENTH AFFIRMATIVE DEFENSE

Ravel has alleged no valid basis for HSS's liability for damages, interest, attorneys' fees or further relief.

EIGHTEENTH AFFIRMATIVE DEFENSE

Ravel was solicited for coverage by a New Jersey broker, World Insurance Associates LLC of Tinton Falls, New Jersey.  Ravel communicated with its broker and with TriGen and Patriot representatives, not with HSS.

NINETEENTH AFFIRMATIVE DEFENSE

Ravel's damages, if any, should be reduced to the extent that it failed to mitigate same.

TWENTIETH AFFIRMATIVE DEFENSE

Ravel purchased coverage through a broker, World Insurance, which dealt with Patriot National and Trigen Insurance Solutions, Inc., not HSS.

TWENTY FIRST AFFIRMATIVE DEFENSE

Ravel did not communicate with Patriot regarding its claim until July 3, 2017.  Patriot, in turn, promptly reported the claim to Aspen.

WHEREFORE, Hospitality Supportive Systems LLC prays for judgment in its favor, and against Ravel and Aspen, on the claims asserted against it, and prays further that the Court declare that Aspen, not HSS, is obligated to investigate, defend and pay for the defense of the underlying claims and that Aspen, not HSS, is liable to reimburse, defend and indemnify plaintiffs for any damages, costs or payments incurred or which they may hereafter incur, and grant such other and further relief as is just, proper and equitable.

WEIR & PARTNERS LLP

By: /s/ Marc J. Zucker
     Walter Weir Jr.
     Marc J. Zucker
Suite 500, The Widener Building
1339 Chestnut Street
Philadelphia, PA  19107
(215) 241-7751
(215) 665-8464
wweir@weirpartners.com
mzucker@weirpartners.com

Attorneys for Hospitality Supportive Systems LLC

DATED:  November 28, 2018