## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASPEN SPECIALTY INSURANCE COMPANY, | **Civil Action** |
| Plaintiff, | **No.  2:16-cv-01133** |
| v. | |
| HOSPITALITY SUPPORTIVE SYSTEMS, LLC, EDWARD E. SNOW, individually,  THE CARMAN CORPORATION, SELECTIVE RISK MANAGEMENT, LLC, SELECTIVE LAW GROUP, LLC, JOHN W. CONNELLY, JR., individually, CHARLES M. O'DONNELL, ESQ., individually, MCGRIFF SIEBELS & WILLIAMS, INC., INSERVCO INSURANCE SERVICES, INC., TRIGEN INSURANCE SOLUTIONS, INC., TRIGEN HOSPITALITY GROUP, INC., PATRIOT UNDERWRITERS, INC.,  PATRIOT NATIONAL, INC., and ABC CORPORATIONS 1-25, | **ASPEN SPECIALTY INSURANCE COMPANY'S ANSWER TO RAVEL HOTEL, LLC'S COUNTERCLAIMS AND CROSS CLAIMS**  *Filed Electronically* |
| Defendants. | |
| HOSPITALITY SUPPORTIVE SYSTEMS, LLC, | |
| Plaintiff, | |
| v. | |
| ASPEN SPECIALTY INSURANCE COMPANY, | |
| Defendant. | |

Aspen Specialty Insurance Company (Aspen) by its attorneys, Connell Foley LLP, hereby answers Intervener Ravel Hotel, LLC's (Ravel) Counterclaims and Cross Claims as follows:

1.       The allegations in this paragraph are not directed to Aspen and thus no response is required.

## NATURE OF ACTION

2.      The allegations in this paragraph contain conclusions of law to which no response is required.

3.      Aspen is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

4.      Aspen is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

5.      Aspen is without knowledge of information sufficient to form a belief as to the truth of the allegations in this paragraph.

6.      The allegations in this paragraph are not directed to Aspen and thus no response is required.

7.      Denied as plead. Aspen issued Commercial Liability Policy No. CR003UL15 to Hospitality Support Systems, LLC (HSS) with initial effective dates of June 13, 2015 to December 13, 2016. However, on or around February 29, 2016, Aspen notified HSS that Aspen was cancelling Policy No. CR003UL15, among other policies, as of March 30, 2016. Aspen denies issuing any policies of insurance or any insurance coverage to HSS after March 30, 2016. Furthermore, to the extent the allegations in this paragraph refer to writings that speak for themselves, any attempt to characterize their provisions is denied.

## THE PARTIES

8.      Aspen is without knowledge of information sufficient to form a belief as to the truth of the allegations in this paragraph.

2

9.      Aspen is without knowledge of information sufficient to form a belief as to the truth of the allegations in this paragraph.

10.     Aspen is without knowledge of information sufficient to form a belief as to the truth of the allegations in this paragraph.

11.     Admitted.

## FACTUAL BACKGROUND

12.     The allegations in this paragraph are not directed to Aspen and thus no response is required.

13.     The allegations in this paragraph are not directed to Aspen and thus no response is required. Furthermore, to the extent the allegations in this paragraph refer to writings that speak for themselves, any attempt to characterize their provisions is denied.

14.     The allegations in this paragraph are not directed to Aspen and thus no response is required. Furthermore, to the extent the allegations in this paragraph refer to writings that speak for themselves, any attempt to characterize their provisions is denied.

15.     The allegations in this paragraph are not directed to Aspen and thus no response is required.

16.     Denied as plead. Aspen issued Commercial Liability Policy No. CR003UL15 to HSS with initial effective dates of June 13, 2015 to December 13, 2016. However, on or around February 29, 2016, Aspen notified HSS that Aspen was cancelling Policy No. CR003UL15, among other policies, as of March 30, 2016. Aspen denies issuing any policies of insurance or any insurance coverage to HSS after June 13, 2015.  Furthermore, to the extent the allegations in

3

this paragraph refer to writings that speak for themselves, any attempt to characterize their provisions is denied.

17.     The allegations in this paragraph are not directed to Aspen and thus no response is required. To the extent a response is required, Aspen denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph. Furthermore, to the extent the allegations in this paragraph refer to writings that speak for themselves, any attempt to characterize their provisions is denied. The policy issued on June 13, 2015 was effectively cancelled as of March 30, 2016  by notice dated Febaruy 29, 2016, and Aspen denies issuing any policies of insurance or any insurance coverage to HSS or Ravel after that time.

18.     The allegations in this paragraph are not directed to Aspen and thus no response is required. To the extent a response is required, Aspen denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph. Furthermore, to the extent the allegations in this paragraph refer to writings that speak for themselves, any attempt to characterize their provisions is denied. The policy issued on June 13, 2015 was effectively cancelled as of March 30, 2016, and Aspen denies issuing any policies of insurance or any insurance coverage to HSS or Ravel after that time.

19.     The allegations in this paragraph are not directed to Aspen and thus no response is required. To the extent a response is required, Aspen denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph. Furthermore, to the extent the allegations in this paragraph refer to writings that speak for themselves, any attempt to characterize their provisions is denied. The policy issued on June 13, 2015 was effectively

4

cancelled as of March 30, 2016, and Aspen denies issuing any policies of insurance or any insurance coverage to HSS or Ravel after that time.

20.     The allegations in this paragraph are not directed to Aspen and thus no response is required. To the extent a response is required, Aspen denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph. Furthermore, to the extent the allegations in this paragraph refer to writings that speak for themselves, any attempt to characterize their provisions is denied. The policy issued on June 13, 2015 was effectively cancelled as of March 30, 2016, and Aspen denies issuing any policies of insurance or any insurance coverage to HSS or Ravel after that time.

21.     Certain allegations in this paragraph are not directed to Aspen and thus no response is required. To the extent a response is required, Aspen denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph. Through the HSS Management Services Agreement, which Ravel entered into with HSS, Ravel delegated full authority to HSS for the primary rights and responsibility under any insurance policies issued to the HSS Programs, including but not limited to the negotiations, procurement, and claims handling for said policies. As such, HSS's primary function as an agent of Ravel was to communicate with Ravel regarding the Aspen Policies. On or around February 29, 2016, Aspen notified HSS that Aspen was cancelling Policy No. CR003UL15, among other policies, as of March 30, 2016. Aspen denies issuing any policies of insurance or any insurance coverage to HSS or Ravel after June 13, 2015.

22.     The allegations in this paragraph contain conclusions of law to which no response is required. Furthermore, to the extent the allegations in this paragraph refer to writings that speak for themselves, any attempt to characterize their provisions is denied.

23.     The allegations in this paragraph refer to writings that speak for themselves and any attempt to characterize their provisions is denied. The policy issued on June 13, 2015 was effectively cancelled as of March 30, 2016, and Aspen denies issuing any policies of insurance or any insurance coverage to HSS or Ravel after that time.

24.     The allegations in this paragraph refer to writings that speak for themselves and any attempt to characterize their provisions is denied. The policy issued on June 13, 2015 was effectively cancelled as of March 30, 2016, and Aspen denies issuing any policies of insurance or any insurance coverage to HSS or Ravel after that time.

**The Underlying Action, Aspen's Improper Denial of Coverage, and HSS's Unlawful Conduct**

25.     The allegations in this paragraph are not directed to Aspen and thus no response is required. Furthermore, to the extent the allegations in this paragraph refer to writings that speak for themselves, any attempt to characterize their provisions is denied.

26.     Aspen admits that it received the complaint. The allegations in this paragraph refer to writings that speak for themselves and any attempt to characterize their provisions is denied.

27.     Aspen admits that it sent a disclaimer letter. The allegations in this paragraph refer to writings that speak for themselves and any attempt to characterize their provisions is denied.

28.     The allegations in this paragraph refer to writings that speak for themselves and any attempt to characterize their provisions is denied.

29.     The allegations in this paragraph refer to writings that speak for themselves and any attempt to characterize their provisions is denied.

30.     The allegations in this paragraph refer to writings that speak for themselves and any attempt to characterize their provisions is denied.

31.     The allegations in this paragraph refer to writings that speak for themselves and any attempt to characterize their provisions is denied. On or around February 29, 2016, Aspen notified HSS that Aspen was cancelling Policy No. CR003UL15, among other policies, as of March 30, 2016. Aspen did file the subject action on March 10, 2016.

32.     The allegations in this paragraph refer to writings that speak for themselves and any attempt to characterize their provisions is denied.

33.     The allegations in this paragraph refer to writings that speak for themselves and any attempt to characterize their provisions is denied.

34.     Certain allegations in this paragraph are not directed to Aspen and thus no response is required. To the extent a response is required, Aspen denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph. Through the HSS Management Services Agreement, which Ravel entered into with HSS, Ravel delegated full authority to HSS for the primary rights and responsibility under any insurance policies issued to the HSS Programs, including but not limited to the negotiations, procurement, and claims handling for said policies. As such, HSS's primary function as an agent of Ravel was to communicate with Ravel regarding the Aspen Policies.

35.     Certain allegations in this paragraph are not directed to Aspen and thus no response is required. To the extent a response is required, Aspen denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

## AS AND FOR A FIRST CAUSE OF ACTION
### Declaratory Judgment Against Aspen

36.     Aspen repeats and re-alleges each and every response to the allegations contained in the preceding paragraphs set forth above as if set forth at length herein.

37.     Aspen denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

38.     Denied as plead. To the extent the allegations in this paragraph refer to writings that speak for themselves, any attempt to characterize their provisions is denied.

39.     The allegations in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph refer to writings that speak for themselves and any attempt to characterize their provisions is denied.

40.     The allegations in this paragraph contain conclusions of law to which no response is required.

41.     Denied.

[35.]     Denied. Aspen notes this paragraph is numbered out of sequence as 35.

## AS AND FOR A SECOND CAUSE OF ACTION
### Breach of Contract Against Aspen

42.      Aspen repeats and re-alleges each and every response to the allegations contained in the preceding paragraphs set forth above as if set forth at length herein.

5295664-1

43.     Aspen denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent the allegations in this paragraph refer to writings that speak for themselves, any attempt to characterize their provisions is denied.

44.     Aspen denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

45.     Denied.

46.     Denied.

47.     Denied.

## AS AND FOR A THIRD CAUSE OF ACTION
**Breach of Contract Against Aspen as Third Party Beneficiaries**

48.     Aspen repeats and re-alleges each and every response to the allegations contained in the preceding paragraphs set forth above as if set forth at length herein.

49.     The allegations in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph refer to writings that speak for themselves, and any attempt to characterize their provisions is denied.

50.     Aspen denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

51.     Denied.

52.     Denied.

53.     Denied.

## AS AND FOR A FOURTH CAUSE OF ACTION
### Breach of Good Faith & Fair Dealing Against Aspen

54.     Aspen repeats and re-alleges each and every response to the allegations contained in the preceding paragraphs set forth above as if set forth at length herein.

55.     The allegations in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, Aspen denies the allegations.

56.     The allegations in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph refer to writings that speak for themselves, and any attempt to characterize their provisions is denied.

57.     The allegations in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph refer to writings that speak for themselves, and any attempt to characterize their provisions is denied.

58.     The allegations in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph refer to writings that speak for themselves, and any attempt to characterize their provisions is denied.

59.     Denied.

60.     Denied.

## AS AND FOR A FIFTH CAUSE OF ACTION
### Unjust Enrichment Against Aspen and HSS

61.     Aspen repeats and re-alleges the preceding paragraphs set forth above as though fully set forth herein.

62.     The allegations in this paragraph refer to writings that speak for themselves and any attempt to characterize their provisions is denied.

10

63.     Denied.

64.     Certain allegations of this paragraph are not directed towards Aspen and thus no response is required. Aspen denies any allegations directed towards Aspen in this paragraph.

**AS AND FOR A SIXTH CAUSE OF ACTION**
**Breach of Contract Against HSS**

65.     Aspen repeats and re-alleges the preceding paragraphs set forth above as though fully set forth herein.

66.     The allegations of this paragraph are not directed to Aspen, thus no response is required.

67.     The allegations of this paragraph are not directed to Aspen, thus no response is required.

68.     The allegations of this paragraph are not directed to Aspen, thus no response is required.

69.     The allegations of this paragraph are not directed to Aspen, thus no response is required.

70.     The allegations of this paragraph are not directed to Aspen, thus no response is required.

71.     The allegations of this paragraph are not directed to Aspen, thus no response is required.

72.     The allegations of this paragraph are not directed to Aspen, thus no response is required.

## AS AND FOR A SEVENTH CAUSE OF ACTION
**Breach of Good Faith & Fair Dealing Against HSS**

73.     Aspen repeats and re-alleges the preceding paragraphs set forth above as though fully set forth herein.

74.      The allegations of this paragraph are not directed to Aspen, thus no response is required.

75.     The allegations of this paragraph are not directed to Aspen, thus no response is required.

76.     The allegations of this paragraph are not directed to Aspen, thus no response is required.

77.     The allegations of this paragraph are not directed to Aspen, thus no response is required.

78.     The allegations of this paragraph are not directed to Aspen, thus no response is required.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
**Common Law Fraud Against HSS**

79.     Aspen repeats and re-alleges the preceding paragraphs set forth above as though fully set forth herein.

80.     The allegations of this paragraph are not directed to Aspen, thus no response is required.

81.     Admitted.

82.     The allegations of this paragraph are not directed to Aspen, thus no response is required.

83.     The allegations of this paragraph are not directed to Aspen, thus no response is required.

84.     The allegations of this paragraph are not directed to Aspen, thus no response is required.

85.     The allegations of this paragraph are not directed to Aspen, thus no response is required.

86.     The allegations of this paragraph are not directed to Aspen, thus no response is required.

87.     The allegations of this paragraph are not directed to Aspen, thus no response is required.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

Ravel's Counterclaims and Cross Claims fail to state facts sufficient to state a claim upon which relief can be granted against Aspen.

### SECOND AFFIRMATIVE DEFENSE
**(Waiver)**

Ravel's causes of action are or may be barred in whole or in part by the doctrine of waiver.

### THIRD AFFIRMATIVE DEFENSE
**(Unclean Hands)**

The claims asserted in Ravel's Counterclaims and Cross Claims are or may be barred by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE
**(Equitable Estoppel)**

The claims asserted in Ravel's Counterclaims and Cross Claims are or may be barred by the doctrine of equitable estoppel.

### FIFTH AFFIRMATIVE DEFENSE
**(Laches)**

The claims asserted in Ravel's Counterclaims and Cross Claims are or may be barred by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE
**(Statute of Limitations)**

The claims asserted in Ravel's Counterclaims and Cross Claims are or may be barred by the applicable statute of limitations.

### SEVENTH AFFIRMATIVE DEFENSE
**(Failure to Perform Conditions Precedent and Subsequent)**

No coverage is available under the Aspen policies to the extent any insured has failed to perform its obligations, and was not in full compliance with all of the provisions of the Aspen policies.

### EIGHTH AFFIRMATIVE DEFENSE
**(No Duty to Defend or Reimburse Costs)**

Aspen  does not or may not owe a duty to defend or to reimburse defense costs for any of the matters and/or underlying claims referred to in Ravel's Counterclaims and Cross Claims.

### NINTH AFFIRMATIVE DEFENSE
**(No Duty of Indemnity)**

5295664-1

The Aspen policies do not or may not obligate Aspen to provide any duty of indemnity to Ravel for any of the matters and/or underlying claims referred to in Ravel's Counterclaims and Cross Claims.

### TENTH AFFIRMATIVE DEFENSE
**(No Legal Obligation to Pay Damages)**

The damages claimed in Ravel's Counterclaims and Cross Claims are or may be barred in whole or in part to the extent they are not sums which Aspen is legally obligated to pay as damages because of "bodily injury" or "property damage" caused by an "occurrence" or "injury," as those terms are defined in the Aspen policies, to which such insurance does or may apply.

### ELEVENTH AFFIRMATIVE DEFENSE
**(No Coverage for Certain Types of Claims)**

The Aspen policies only provide defense coverage for suits seeking damages and only provide indemnity coverage for amounts that the insureds are legally obligated to pay as damages because of "bodily injury" or "property damage," as those terms are defined in the policy.  Thus, the claims asserted in Ravel's Counterclaims and Cross Claims are or may be barred in whole or in part under the Aspen policies to the extent such claims are not suits and do not involve damages that insureds are legally obligated to pay because of "bodily injury" or "property damage."

### TWELVTH AFFIRMATIVE DEFENSE
**(Voluntary Payment or Assumed Obligation)**

The Aspen policies exclude coverage for any voluntary payment, obligation assumed or expense incurred voluntarily by insureds without Aspen's knowledge and consent, other than for

first aid to others at the time of any "occurrence" or "injury," as those terms are defined in the Aspen policies.

### THIRTEENTH AFFIRMATIVE DEFENSE
**(Failure to Give Timely Notice)**

Ravel's claims are or may be barred in whole or in part to the extent that Aspen has not or did not receive proper and/or timely notice as required by the Aspen policies.

### FOURTEENTH AFFIRMATIVE DEFENSE
**(Named Insureds, Insureds or Additional Insureds)**

The Aspen policies do not or may not provide coverage for liabilities arising out of the acts or omissions of any individual or organization other than those individuals or organizations described as named insureds, insureds or additional insureds in the Aspen policies.

### FIFTEENTH AFFIRMATIVE DEFENSE
**(Policy Terms, Exclusions, Conditions and Limitations)**

The claims asserted in Ravel's Counterclaims and Cross Claims are or may be barred in whole or in part by the terms, exclusions, conditions and limitations contained in the Aspen policies.

### SIXTEENTH AFFIRMATIVE DEFENSE
**(Failure to Disclose Material Facts)**

The claims asserted in Ravel's Counterclaims and Cross Claims are or may be barred in whole or in part under the Aspen policies to the extent any "named insured," "additional named insured," "additional insured," and/or "insured" failed to disclose, concealed or misrepresented facts which were material to the risks undertaken by Aspen.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Any recovery against Aspen shall be reduced to the extent any "named insured," "additional named insured," "additional insured," and/or "insured" has failed to mitigate, minimize or avoid any damages it allegedly sustained, as may be required under the Aspen policies or at law.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Violation of Law and/or Public Policy)

The claims asserted in Ravel's Counterclaims and Cross Claims are or may be barred in whole or in part under the Aspen policies or at law to the extent any "named insured," "additional named insured," "additional insured," and/or "insured's" acts or failure to act, which gave rise to the damages referenced in Ravel's Counterclaims and Cross Claims, were in violation of, or non-compliance with, law and/or public policy, or government rule, regulation or law.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Limits of Liability)

Aspen's obligations, if any, to defend, reimburse or indemnify Ravel are subject to any deductibles, self-insured retentions, per occurrence limits, annual aggregate limits, per location aggregate limits, coverage part limits, total policy aggregate limits, and/or retroactive or retrospective premiums.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Assistance, Cooperation and Settlements)

The claims asserted in Ravel's Counterclaims and Cross Claims are or may be barred to the extent any "named insured," "additional named insured," "additional insured," and/or

"insured" failed to comply with the provisions of the Aspen policies concerning assistance, cooperation and settlements.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Subrogation, Indemnification and Contribution)

The claims asserted in Ravel's Counterclaims and Cross Claims are barred in whole or in part under the Aspen policies to the extent any "named insured," "additional named insured," "additional insured," and/or "insured" has impaired or prejudiced any of Aspen's rights to subrogation, indemnification and/or contribution.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Known Loss/Loss in Progress)

The claims against Aspen may be barred or limited to the extent that any loss, claim, injury, damage or harm at issue in this lawsuit was known to any insured under the Aspen policies or were already in existence or in progress prior to the effective dates of the Aspen policies.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Fraud)

The claims asserted in Ravel's Counterclaims and Cross Claims are or may be barred by any "named insured," "additional named insured," "additional insured," and/or "insured's" fraudulent misrepresentations of material fact.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Breach of Covenant of Good Faith and Fair Dealing)

The claims asserted in Ravel's Counterclaims and Cross Claims are or may be barred by any "named insured," "additional named insured," "additional insured," and/or "insured's" breach of the covenant of good faith and fair dealing.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**
**(Additional Named Insureds)**

HSS has been appointed agent and/or representative on behalf of the various "additional named insureds" under the Aspen policies and, thus, any rulings as to rescission or other insurance coverage issues alleged in the Second Amended Complaint are applicable to both HSS and all "additional named insureds."

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**
**(Rescission)**

Aspen has filed a Second Amended Complaint for rescission, declaratory judgment and related relief. The claims asserted in Ravel's Counterclaims and Cross Claims are or may be barred, in whole or in part, to the extent the Court determines the Aspen policies are rescinded and/or insurance coverage is otherwise not available under the Aspen policies.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**
**(Unauthorized Claims Handling)**

The Aspen policies impose strict limitations upon HSS' claims-handling authority. The claims asserted in Ravel's Counterclaims and Cross Claims are or may be barred to the extent HSS and/or any "named insured," "additional named insured," "additional insured," or "insured" has breached and/or breaches the terms of the Aspen policies in undertaking claims-handling in excess of the authority specifically enumerated within the Aspen policies.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**
**(Damages Caused by Other Parties)**

Any alleged damages incurred or to be incurred by Ravel are directly related to and the result of the negligent, fraudulent, or intentional conduct of the other defendants in this action, who are liable to Ravel for any such damages.

### TWENTY-NINTH AFFIRMATIVE DEFENSE
**(Self-Insured Retention)**

Any obligation under the Aspen policies to pay claims, costs, fees and expenses, including defense costs, may be limited or barred pursuant to the terms, and conditions of the Self-Insured Retention Endorsements contained within the Aspen policies.

### THIRTIETH AFFIRMATIVE DEFENSE
**(Exhaustion)**

Any obligation under the Aspen policies to pay claims, costs, fees and expenses, including defense costs, are or may be barred to the extent that the limits of one or more of the Aspen policies has been or may become exhausted.

### THIRTY-FIRST AFFIRMATIVE DEFENSE
**(Prior Reservations of Rights and Coverage Determinations)**

Aspen has previously provided reservations of rights and coverage determination letters to Ravel. Coverage is or may be limited or barred for any and all Ravel claims at issue as set forth in those letters. Aspen continues to fully reserve all of its rights under the policies, at equity, and at law, and nothing contained herein shall be considered a waiver or limitation of those previous reservation of rights and coverage determination letters.

### THIRTY-SECOND AFFIRMATIVE DEFENSE
**(Designated Premises or Project)**

Any obligation under the Aspen policies to pay claims, costs, fees and expenses, including defense costs, is or may be barred pursuant to the Limitation of Coverage to Designated Premises or Project Endorsements contained within the Aspen policies.

## THIRTY-THIRD AFFIRMATIVE DEFENSE
### (Cancellation)

Any obligation under the Aspen policies to pay claims, costs, fees and expenses, including defense costs, is or may be barred to the extent that such claims occurred after Aspen cancelled certain policies within the HSS Program, including Aspen Policy No. CR003UL15, CX0038Q14A, CX0038U14 and CR0038P14 as of March 30, 2016.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE
### (No Policies Issued After June 13, 2015)

Aspen has no obligation under the Aspen policies to pay claims, costs, fees and expenses, including defense costs, to the extent that such claims occurred after March 30, 2016, because Aspen did not issue any policies to HSS since June 13, 2015 and cancelled certain policies within the HSS Program, including Aspen Policies CR003UL15, CX0038Q14A, CX0038U14 and CR0038P14 as of March 30, 2016.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE
### (Additional Separate Defense)

Aspen reserves the right to amend its Answer to assert such additional Affirmative Defenses and/or applicable policy terms, exclusions, conditions and limitations as may become apparent during the continuing course of discovery in this matter.  In addition, Aspen reserves the right to amend its Answer to assert additional Affirmative Defenses to the extent the law of a state or district other than Pennsylvania is applied and/or the law of Pennsylvania changes or develops, thereby requiring such amendment.

**ASPEN SPECIALTY INSURANCE COMPANY'S CROSS CLAIMS AGAINST DEFENDANTS HOSPITALITY SUPPORTIVE SYSTEMS, LLC; EDWARD SNOW; JOHN W. CONNELLY, JR.; CHARLES M. O'DONNELL; ANTHONY DIIENNO; SELECTIVE RISK MANAGEMENT LLC; SELECTIVE LAW GROUP LLC; THE CARMAN CORPORATION; MCGRIFF SEIBELS & WILLIAMS, INC.; INSERVCO INSURANCE SERVICES, INC.; TRIGEN INSURANCE SOLUTIONS, INC.; TRIGEN HOSPITALITY GROUP, INC.; PATRIOT UNDERWRITERS, INC.; AND PATRIOT NATIONAL, INC.**

1.      Aspen incorporates herein by reference all preceding paragraphs.

2.      Aspen denies all liability to Ravel.

3.      If Ravel sustained the damages as alleged in Ravel's Counterclaims and Cross Claims, all of which are denied, then they were caused by Defendants Hospitality Supportive Systems, LLC; Edward Snow; John W. Connelly, Jr.; Selective Risk Management, LLC; Selective Law Group, LLC; Charles M. O'Donnell; Anthony DiIenno; the Carman Corporation; McGriff Seibels & Williams, Inc.; Inservco Insurance Services, Inc.; Trigen Insurance Solutions, Inc.; Trigen Hospitality Group, Inc.; Patriot Underwriters, Inc.; and Patriot National, Inc., and in no way were due to any acts or omissions or liability of any kind on the part of Aspen.

4.      Defendants Hospitality Supportive Systems, LLC; Edward Snow; John W. Connelly, Jr.; Selective Risk Management, LLC; Selective Law Group, LLC; Charles M. O'Donnell; Anthony DiIenno; the Carman Corporation; McGriff Seibels & Williams, Inc.; Inservco Insurance Services, Inc.; Trigen Insurance Solutions, Inc.; Trigen Hospitality Group, Inc.; Patriot Underwriters, Inc.; and Patriot National, Inc. are solely liable to Ravel.

5.      In the alternative, should Aspen be found liable to Ravel, said liability being denied, then Defendants Hospitality Supportive Systems, LLC; Edward Snow; John W. Connelly, Jr.; Selective Risk Management, LLC; Selective Law Group, LLC; Charles M. O'Donnell; Anthony DiIenno; the Carman Corporation; McGriff Seibels & Williams, Inc.;

Inservco Insurance Services, Inc.; Trigen Insurance Solutions, Inc.; Trigen Hospitality Group, Inc.; Patriot Underwriters, Inc.; and Patriot National, Inc. are jointly and/or severally liable with Aspen, or liable to Aspen by way of contribution and/or indemnity.

WHEREFORE, Aspen denies liability to Ravel and requests that this Honorable Court find that Aspen is not responsible for the allegations contained in Ravel's Counterclaims and Cross Claims. If Aspen is adjudicated liable to Ravel, Aspen requests that this Honorable Court find co-defendants Defendants Hospitality Supportive Systems, LLC; Edward Snow; John W. Connelly, Jr.; Selective Risk Management, LLC; Selective Law Group, LLC; Charles M. O'Donnell; Anthony DiIenno; the Carman Corporation; McGriff Seibels & Williams, Inc.; Inservco Insurance Services, Inc.; Trigen Insurance Solutions, Inc.; Trigen Hospitality Group, Inc.; Patriot Underwriters, Inc.; and Patriot National, Inc. solely liable and/or jointly and severally liable for Ravel's damages and/or liable to Aspen by way of contribution and indemnity.

CONNELL FOLEY LLP

*/s/William D. Deveau*

Dated: January 24, 2020

William D. Deveau (pro hac vice)
Jonathan P. McHenry (pro hac vice)
Patrick J. Hughes (PA ID No. 41403)
J. Christopher Henschel (pro hac vice)
Jillian B. Saputelli (PA ID No. 319543)
185 Hudson Street, Suite 2510
Jersey City, NJ 07311
Tel:    (201) 521-1000
Fax:    (201) 521-0100
*Attorneys for Defendant,*
*Aspen Specialty Insurance Company*

23

5295664-1

**<u>CERTIFICATE OF SERVICE</u>**

I, William D. Deveau, Esq., hereby certify that on this 24th day of January, 2020, a true and correct copy of the foregoing Answer to Intervener Ravel Hotel, LLC's Counterclaims and Cross Claims will be served on all counsel of record via the Court's Electronic Filing System.

*/s/William D. Deveau*

Dated: January 24, 2020

William D. Deveau (pro hac vice)
185 Hudson Street, Suite 2510
Jersey City, NJ 07311
Tel:    (201) 521-1000
Fax:    (201) 521-0100
wdeveau@connellfoley.com