IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ASPEN SPECIALTY INSURANCE COMPANY | : : : | CIVIL ACTION |
| v. | : : | |
| HOSPITALITY SUPPORTIVE SYSTEMS, LLC, et al. | : : | NO. 16-1133 |

| | | |
|---|---|---|
| HOSPITALITY SUPPORTIVE SYSTEMS LLC | : : : | CIVIL ACTION |
| v. | : : | |
| AIG SPECIALITY INSURANCE COMPANY, et al. | : : | NO. 18-3777 |

**ORDER**

AND NOW, this 26th day of February, 2020, upon consideration of the letters from counsel for defendants Hospitality Supportive Systems, LLC ("HSS"), Edward E. Snow ("Snow"), The Carman Corporation ("Carman"), Selective Law Group ("SLG"), and Selective Risk Management, LLC ("SRM") (HSS, Snow, Carman, SLG and SRM, hereinafter are collectively referred to as the "HSS Defendants")) dated February 4, 2020, and February 20, 2020, and the letter from counsel for Aspen Specialty Insurance Company ("Aspen") dated February 11, 2020, which letters address an issue undecided in the court's Order of January 28, 2020, see Case No. 16-1133, Doc. 169 at ¶ 6(c), it is hereby

**ORDERED**

with respect to those claim files in which Aspen has provided a reservation of rights letter, all attorney-client communications in relation to the common effort of defending such claims are not privileged as to Aspen, and must be produced by the HSS Defendants within fourteen (14) days of the date of this Order. At this time, the HSS Defendants may withhold from the production on the basis of attorney-client privilege, documents that involve communications on coverage issues and the reservation of rights letters because counsel would have been acting

solely as counsel for the insured.  If the HSS Defendants withhold any documents from the production on this basis, the HSS Defendants shall amend their privilege log to identify those documents.  Once Aspen reviews this privilege log, Aspen may request the court to consider whether these documents should be disclosed on the basis of the principles discussed in Germantown Cab Co. v. Pinelands Ins. Co. Risk Retention Group, Inc., 2015 WL 4540212 (Phila. C.P. July 23, 2015).[1]

                                              BY THE COURT:

                                              _/s/ Thomas J. Rueter_____
                                              THOMAS J. RUETER
                                              United States Magistrate Judge

---

[1] It is well-established in Pennsylvania, that where an insurer retains defense counsel to defend its insured, the insurer and insured are co-clients of defense counsel, such that communications between the defense counsel and the insured relating to the common effort of defending the claim are not privileged as to the insurer.  See Dietz & Watson, Inc. v. Liberty Mut. Ins. Co., 2015 WL 356949, at *7 (E.D. Pa. Jan. 28, 2015); Septa v. Transit Cas. Co., 55 F.R.D. 553, 557 (E.D. Pa. 1972).  Only those attorney-client communications that relate solely to an insurance coverage dispute are potentially privileged as between the insurer and the insured.  See Dietz & Watson, 2015 WL 356949, at *7-8.  The mere fact that the insurer is defending under a reservation of rights letter does not change the above principles.  See Eckman v. Erie Ins. Exch., 21 A.3d 1203, 1209 (Pa. Super. Ct. 2011) (a reservation of rights does not create a blanket or inherent conflict between the insured and insurer).  See also Dansko Holdings, Inc. v. Benefit Tr. Co., 2017 WL 5593321, at *6 (E.D. Pa. Nov. 21, 2017) (DuBois, J.).  As it pertains to the case at hand, the court finds that SLG was jointly representing Aspen and its insureds in claims filed by third parties.  Consequentially, documents containing communications between SLG and the insureds relating to the defense of those claims are not privileged as to Aspen.  See CAMICO Mut. Ins. Co. v. Heffler, Radetich & Saitta LLP, 2013 WL 315716, (E.D. Pa. Jan. 28, 2013) (DuBois, J.).