# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASPEN SPECIALTY INSURANCE COMPANY,<br>                **Plaintiff,**<br><br>        v.<br><br>HOSPITALITY SUPPORTIVE SYSTEMS, LLC,<br>EDWARD E. SNOW,<br>THE CARMAN CORPORATION,<br>SELECTIVE RISK MANAGEMENT, LLC, SELECTIVE LAW GROUP, LLC,<br>JOHN W. CONNELLY, JR., CHARLES M. O'DONNELL, ESQ., McGRIFF SIEBELS & WILLIAMS, INC.,<br>INSERVCO INSURANCE SERVICES, INC., TRIGEN INSURANCE SOLUTIONS, INC.,<br>TRIGEN HOSPITALITY GROUP, INC.,<br>PATRIOT UNDERWRITERS, INC.,<br>PATRIOT NATIONAL, INC.,<br>ABC CORPORATIONS 1-25,<br>CHICKIE'S AND PETE'S, INC.,<br>4010, INC.,<br>PACKER CAFÉ, INC., trading as "CHICKIE'S & PETE'S,"<br>4010, LLC<br>POQUESSING MANAGEMENT, LLC<br>POQUESSING PROFESSIONAL BUILDING, LLC,<br>CPC INTERNATIONAL, LLC, trading as " PHILADELPHIA'S FAMOUS C&P,"<br>WRIGHT FOOD SERVICES, LLC,<br>CPC BUCKS, LLC,<br>AUDUBON CPC, LLC,<br>WARRINGTON CPC, LLC<br>DREXEL HILL CPC, LLC,<br>VENUE FOOD SERVICES, LLC<br>CRABCO PA GP LLC,<br>130 CRABCO REALTY NJ, LLC,<br>130 CRABCO NJ, LLC, trading as " CHICKIE'S AND PETE'S,"<br>EHT CRABCO NJ, LLC, trading as "CHICKIE'S AND PETE'S,"<br>WW-CPC, LLC,<br>OC-CPC,LLC, | CIVIL ACTION<br><br><br><br><br>NO.  16-1133 |

| | |
|---|---|
| AC-CPC, LLC<br>CRABCO ENTERPRISES, LLC<br>CPC PROPERTIES, INC.,<br>CRABCO ENTERPRISES PA LP,<br>PALMER SOCIAL CLUB, INC., and<br>RAVEL HOTEL, LLC, trading as<br>"PENTHOUSE 808"<br>           Defendants. | |
| HOSPITALITY SUPPORTIVE<br>SYSTEMS, LLC,<br>           Plaintiff,<br><br>           v.<br><br>ASPEN SPECIALTY INSURANCE<br>COMPANY,<br>           Defendant. | |
| BALIS FAMILY RESTAURANT CORP.,<br>and<br>ADELPHIA DEPTFORD, INC.,<br>collectively trading as "ADELPHIA<br>RESTAURANT,"<br>           Plaintiffs,<br><br>           v.<br><br>HOSPITALITY SUPPORTIVE<br>SYSTEMS, LLC,<br>EDWARD SNOW,<br>JOHN W. CONNELLY, JR.,<br>SELECTIVE RISK MANAGEMENT,<br>LLC, SELECTIVE LAW GROUP, LLC,<br>CHARLES M. O'DONNELL,<br>ANTHONY DiIENNO,<br>ASPEN SPECIALTY INSURANCE<br>COMPANY, and<br>AMTRUST INTERNATIONAL<br>UNDERWRITERS, LTD.,<br>           Defendants. | |
| HOSPITALITY SUPPORTIVE<br>SYSTEMS, LLC, SELECTIVE RISK<br>MANAGEMENT LLC, EDWARD SNOW,<br>CHARLES M. O'DONNELL, JOHN<br>CONNELLY and ANTHONY DiIENNO.<br>           Plaintiffs,<br><br>           v. | CIVIL ACTION<br><br><br><br><br>NO. 18-3777 |

2

| | |
|---|---|
| **AIG SPECIALTY INSURANCE COMPANY, HUB INTERNATIONAL MIDWEST LIMITED and MARSH & McLENNAN COMPANIES, INC.,**<br>                Defendants. | |

## O R D E R

**AND NOW**, this 30th day of November, 2020, upon consideration of the letters from counsel for the parties in the above-captioned cases (Civil Action No. 16-1133, Document Nos. 251 and 252, dated October 29, 2020, and Document No. 253, dated October 30, 2020), whereby the parties consent to the appointment of the Honorable Thomas J. Rueter, United States Magistrate Judge (Ret.), now a neutral with dispute resolution provider JAMS, as Special Master to serve as settlement mediator and discovery master to address the question of settlement, discovery issues and all related issues in the above-captioned cases by reason of Judge Rueter's extensive experience in handling such issues in the above-captioned cases as a magistrate judge,

**IT IS ORDERED** that the **HONORABLE THOMAS J. RUETER, U.S. MAGISTRATE JUDGE (RET.)**, is **APPOINTED** as **SPECIAL MASTER** under the following terms:

1.      In performing his duties, the Special Master shall proceed with all reasonable diligence to serve as a settlement mediator and discovery master to oversee and supervise all settlement discussions and discovery in the above-captioned cases.

2.      The Special Master shall have all authority under Rule 53(c), including the authority to require the submission of reports, call conferences, and hold hearings in order to determine the status of issues relating to discovery.  The Special Master shall hear, resolve and make rulings on all disputes regarding discovery and, when appropriate, enter orders setting forth his rulings.

3.      The Special Master may communicate *ex parte* with any party or the Court.

4.	The Special Master shall, until the conclusion of this matter, maintain files consisting of: (a) all billing records; (b) all documents received from the parties; and (c) any written orders, findings, or recommendations.  The Special Master shall email any orders he issues to the parties and any such order shall also be filed with the Court via Electronic Case Filing (ECF).  To assist the Special Master with the preparation and filing of any discovery-related orders and Reports and Recommendations, the Special Master is authorized to seek the assistance of Deputy Clerk, Deborah Owens or her successor or designee.

5.	The Special Master shall provide periodic reports to the Court covering the status of settlement negotiations and discovery disputes.

6.	The Special Master shall be compensated for his services at his established rate of $750.00 per hour, and for all costs related to his duties as a Special Master.  JAMS, on behalf of the Special Master, shall submit detailed monthly bills for all fees and expenses directly to counsel for the parties who shall take responsibility for prompt payment by their respective clients.  Scheduling shall be arranged with JAMS case administrator, Alyssa DeTreux.  Counsel for each party shall provide Ms. DeTreux with their email addresses and phone numbers by sending them to adetreux@jamsadr.com.

7.	As agreed to by the parties, the fees and expenses incurred by the Special Master shall be shared equally among the parties, with the HSS Defendants (HSS, SRM, SLG, Carman Corporation, Snow, Connelly, O'Donnell and Diienno) to be considered one party for allocation purposes.  Furthermore, as agreed by the parties, Palmer Social Club, an intervenor in the above cases, shall contribute to the payment of fees and expenses for only two mediation sessions, and the allocation of fees and expenses will be adjusted accordingly.

8.	The Court's previous Orders staying discovery in this matter shall remain in effect until further order of the Court or Special Master.

9. In accordance with Rule 53(b)(3), the Special Master has filed an affidavit disclosing that there is no ground for disqualification under 28 U.S.C. § 455.

**BY THE COURT:**

**/s/ Hon. Jan E. DuBois**

**DuBOIS, JAN E., J.**

5