# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASPEN SPECIALTY INSURANCE COMPANY,<br>    Plaintiff,<br><br>v.<br><br>HOSPITALITY SUPPORTIVE SYSTEMS, LLC,<br>EDWARD E. SNOW,<br>THE CARMAN CORPORATION,<br>SELECTIVE RISK MANAGEMENT, LLC, SELECTIVE LAW GROUP, LLC,<br>JOHN W. CONNELLY, JR., CHARLES M. O'DONNELL, ESQ., McGRIFF SIEBELS & WILLIAMS, INC.,<br>INSERVCO INSURANCE SERVICES, INC., TRIGEN INSURANCE SOLUTIONS, INC.,<br>TRIGEN HOSPITALITY GROUP, INC.,<br>PATRIOT UNDERWRITERS, INC.,<br>PATRIOT NATIONAL, INC.,<br>ABC CORPORATIONS 1-25,<br>CHICKIE'S AND PETE'S, INC.,<br>4010, INC.,<br>PACKER CAFÉ, INC., trading as "CHICKIE'S & PETE'S,"<br>4010, LLC<br>POQUESSING MANAGEMENT, LLC<br>POQUESSING PROFESSIONAL BUILDING, LLC,<br>CPC INTERNATIONAL, LLC, trading as " PHILADELPHIA'S FAMOUS C&P,"<br>WRIGHT FOOD SERVICES, LLC,<br>CPC BUCKS, LLC,<br>AUDUBON CPC, LLC,<br>WARRINGTON CPC, LLC<br>DREXEL HILL CPC, LLC,<br>VENUE FOOD SERVICES, LLC<br>CRABCO PA GP LLC,<br>130 CRABCO REALTY NJ, LLC,<br>130 CRABCO NJ, LLC, trading as " CHICKIE'S AND PETE'S,"<br>EHT CRABCO NJ, LLC, trading as "CHICKIE'S AND PETE'S,"<br>WW-CPC, LLC,<br>OC-CPC,LLC, | CIVIL ACTION<br><br><br><br>NO. 16-1133 |

| | |
|---|---|
| AC-CPC,LLC<br>CRABCO ENTERPRISES, LLC<br>CPC PROPERTIES, INC.,<br>CRABCO ENTERPRISES PA LP,<br>PALMER SOCIAL CLUB, INC., and<br>RAVEL HOTEL, LLC, trading as<br>"PENTHOUSE 808"<br>   Defendants. | |
| HOSPITALITY SUPPORTIVE<br>SYSTEMS, LLC,<br>   Plaintiff,<br><br>  v.<br><br>ASPEN SPECIALTY INSURANCE<br>COMPANY,<br>   Defendant. | |
| BALIS FAMILY RESTAURANT CORP.,<br>and<br>ADELPHIA DEPTFORD, INC.,<br>collectively trading as "ADELPHIA<br>RESTAURANT,"<br>   Plaintiffs,<br><br>  v.<br><br>HOSPITALITY SUPPORTIVE<br>SYSTEMS, LLC,<br>EDWARD SNOW,<br>JOHN W. CONNELLY, JR.,<br>SELECTIVE RISK MANAGEMENT,<br>LLC, SELECTIVE LAW GROUP, LLC,<br>CHARLES M. O'DONNELL,<br>ANTHONY DiiENNO,<br>ASPEN SPECIALTY INSURANCE<br>COMPANY, and<br>AMTRUST INTERNATIONAL<br>UNDERWRITERS, LTD.,<br>   Defendants. | |

| | |
|---|---|
| HOSPITALITY SUPPORTIVE SYSTEMS, LLC, SELECTIVE RISK MANAGEMENT LLC, EDWARD SNOW, CHARLES M. O'DONNELL, JOHN CONNELLY and ANTHONY DiIENNO. Plaintiffs, | CIVIL ACTION<br><br>NO. 18-3777 |
| v. | |
| AIG SPECIALTY INSURANCE COMPANY, HUB INTERNATIONAL MIDWEST LIMITED and MARSH & McLENNAN COMPANIES, INC., Defendants. | |

# O R D E R

**AND NOW**, this 7th day of July, 2021, upon consideration of the Report and Recommendation of Special Master Thomas J. Rueter dated May 27, 2021 (Document No. 276, filed May 27, 2021), Objections of Aspen Specialty Insurance Company to the May 27, 2021 Report and Recommendation Regarding Certain Privilege Claims (Document No. 279, filed June 10, 2021), and Memorandum of HSS, Snow, Carman, SLG and SRM in Opposition to Aspen's Objections to the May 27, 2021 Report and Recommendation (Document No. 286, filed June 18, 2021), **IT IS ORDERED** as follows:

1. The Report and Recommendation of Special Master Thomas J. Rueter dated May 27, 2021 is **APPROVED** and **ADOPTED**, subject to the proviso that, in accordance with the request in the Objections, Special Master Rueter shall clarify the basis for his rulings in Paragraphs 3, 4, 5, 6, 7, 8, 9, 10, 13, and 14 of the Report and Recommendation. Such clarification shall be provided on or before July 20, 2021;

2. The Objections to the Report and Recommendation are **OVERRULED** for the reasons stated in the Report and Recommendation. Specifically, this Court concludes that the issue presented by the Objections, discovery of communications to and from the attorney for the insured, is governed by *In re Teleglobe Commc'ns Cor.*, 493 F.3d 345 (3d Cir. 2007) and *Eureka*

*Inv. Corp. v. Chicago Title Ins. Co.*, 240 U.S. App. D.C. 88 (D.C. Cir. 1984). As stated in the Report and Recommendation, *Germantown Cab Co. v. Pinelands Ins. Co. Risk Retention Grp., Inc.*, No. 1787, 2015 WL 4540212 (Phila. C.P. July 23, 2015), the case on which the Objections are primarily based, is distinguishable. That determination is based on the fact that in *Germantown Cab*, unlike in this case, the attorney whose communications were sought was retained by the insurer to represent the insured, whereas in this case Aspen agreed to permit the insured's attorney to represent the insured in defending claims potentially covered by the insurance policy; and

3. The Deputy Clerk shall serve copies of this Order on all counsel and on Special Master Thomas J. Rueter.

**BY THE COURT:**

**/s/ Hon. Jan E. DuBois**

**DuBOIS, JAN E., J.**